DIXON, Judge.
The plaintiff, Campbell Construction Company, Inc., entered into a contract with the Louisiana Department of Highways to construct 6.33 miles of a four lane concrete highway. The project, located in Lafayette Parish, Louisiana, was known as the Billeaud-Lafayette Highway. This contract was made April 20, 1960, and signed May 19, 1960.
On May 20, 1960, the plaintiff entered into a subcontract with defendants, C. E. Williams Construction Company, Inc. and Barnhill Bros., Inc., to perform certain items of work which were included in the prime contract of Campbell Construction Company, Inc. Plaintiff alleges that the defendants failed to perform the work as directed by their subcontract and because of the failure it was required to complete *778 the work. Plaintiff instituted this action to recover the cost of completing the work which defendants had agreed to perform. Plaintiff alleges completion cost amounted to $57,269.38.
The defendant, Barnhill Bros., Inc., answered with a general denial of liability and reconvened for the sum of $2,379.59 which sum it alleged the plaintiff had retained on that portion of the contract which had been performed and which the plaintiff had failed and refused to pay the defendant, Barnhill Bros., Inc. The defendant, Barnhill Bros., Inc., then assuming the position of third party plaintiff, sought to make C. E. Williams Construction Company, Inc. third party defendant, based on the allegation that on or about April 3, 1961, it had entered into an agreement with the third party defendant to take over all responsibility for the completion of the work undertaken in the subcontract with the plaintiff. Barnhill alleged that it had been relieved of all obligation insofar as the contract with plaintiff was concerned, and that if a judgment should be rendered against it in favor of plaintiff, that it would be entitled to a judgment against the third party defendant, C. E. Williams Construction Company, Inc., for the amount of such judgment.
C. E. Williams Construction Company, Inc. denied in its answer that it was indebted to the plaintiff in any amount. It specifically denied that it breached its contract with plaintiff and that it was at any time placed in formal default. The defendant, C. E. Williams Construction Company, Inc., reconvened, alleging that the plaintiff had violated its contract with defendant and that it was entitled to recover the sum of $85,643.06 alleged to be due it under the terms of said contract. The plaintiff, in answer to the reconven-tional demand of the defendant, denied that it was indebted to the defendant in any amount.
There was judgment in favor of plaintiff and against the defendant, C. E. Williams Construction Company, Inc. for $2,-918.21. There was further judgment rejecting plaintiff’s demands against Barn-hill Bros., Inc. and rejecting Barnhill’s reconventional demand against the plaintiff Campbell. Campbell and Williams have appealed. Barnhill has neither appealed nor answered the appeal.
The contract discloses that the defendants agreed to furnish, at their expense, all the materials, labor, equipment, supplies and other items required to complete the work in its entirety. The plaintiff agreed to pay for the work performed at the prices set out in the contract, less 5i/2%, which it would retain for its own account. It was agreed that payments would be made monthly as partial estimate payments were made to plaintiff to be based on quantities approved in such partial estimates. It was stipulated that 5% of the earnings of the defendants was to be retained by plaintiff pending completion and acceptance by the Department of Highways. The defendants were not required to give a bond nor was there a penal clause in the contract.
The defendants moved on the project and began their work in June, 1960. They performed the work until on or about March 20, 1961, when Barnhill decided to discontinue the road construction business. On or about April 3, 1961, Barnhill reached an agreement with C. E. Williams Construction Company, Inc. that the latter would assume all responsibility for the completion of the contract with the plaintiff. Williams continued the work. The plaintiff, Campbell Construction Company, Inc., was not a party to the agreement between Barnhill and Williams. To the contrary, the plaintiff wrote a joint letter to defendants on April 14, 1961 in which it acknowledged the agreement between the defendants, but with the understanding that the responsibility and terms of the subcontract remained as originally executed.
It appears that Williams began to experience financial difficulties in August *779 of 1961, and the work proceeded in a somewhat unsatisfactory manner. On October 20, 1961, the plaintiff notified Williams that unless it improved the work immediately it would be necessary for it to place equipment and personnel on the job as was necessary to proceed with the completion of the items undertaken by it, and that it would charge all cost for such work to defendants. Shortly thereafter plaintiff undertook to assist Williams in the performance of the work, and advanced payroll funds as needed by the defendant, Williams. The performance of the work continued to deteriorate in spite of the assistance of the plaintiff to the defendant and plaintiff’s repeated warnings that the work was being delayed and generally performed in an unsatisfactory manner.
The plaintiff contended that the preparation of the subgrade to proper specifications, as fixed by the Highway Department, had not been brought to the required tolerance. It is contended that Williams only completed 2.14 miles of the subgrade to proper tolerance, after which it was necessary for plaintiff to complete the remainder of such work.
It is contended by the plaintiff that Williams failed to compact sand-shell on the shoulders of the project as provided for in the specifications of the Highway Department. Another item plaintiff complained of was the failure of Williams to construct the Airport Road. Plaintiff contended that it was entitled to a credit for dressing the slopes, and cleaning up the project for final inspection.
On May 28, 1962 the plaintiff placed Williams in default. Shortly thereafter plaintiff moved its equipment and personnel on the project and began performing the work that Williams had failed to complete. Williams continued with some of its equipment and personnel on the job until on or about July 12, 1962 when it removed all of its employees and equipment from the project. Thereafter, the plaintiff completed the project so that it was eventually approved and accepted by the Highway Department. Plaintiff contended that after making all deductions and credits to defendants they owed plaintiff $57,269.38 for completing the project.
The defendants’ contention is that they are entitled to be paid the contract price for the work actually performed by them and that they should not be charged the amount of the expenses incurred by the plaintiff in excess of the contract price. Plaintiff insists that it is entitled to be reimbursed by defendants for the actual expense incurred by it in completing that part of the project assigned to defendants, less the credits to which defendants are legally entitled.
Contractor’s liability for noncompliance is fixed by Article 2769 of the Louisiana Civil Code, which states:
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
The record is clear that the defendants were in default and abandoned this job before there was substantial performance. This is a case in which essential elements of the contract had been omitted; it is not a case of mere slight deviation or relatively unimportant defects or omissions in the performance. When Williams was placed in default, and when it subsequently left the job, there was a tremendous amount of work yet to be done in the completion of its obligation under the subcontract with the plaintiff.
A complete accounting of the work done on the construction here involved was made by the plaintiff. Its accounting was comprehensive and detailed. The evidence adduced supported the plaintiff’s claim. The plaintiff is entitled to recover its damages for the breach of the contract *780 by the defendants. The plaintiff has established its damages by a preponderance of the evidence.
The plaintiff’s actual cost of completing the road was $57,269.38 in excess of the amount received by the plaintiff from the state for the performance of the work. The cost of completing the work was reasonable under the circumstances.
Consequently, the judgment rendered by the district court should be amended to increase the award to the plaintiff to the sum of $57,269.38.
Plaintiff’s brief contends that it is entiled to a judgment in solido against both defendants. Beyond this claim, the briefs are devoid of any authority for casting the defendants in solido. These defendants, from the evidence in the record, were engaged in a joint venture when they made their agreement with the plaintiff. Their liability, as partners for this particular job, is limited to the virile share of each (C.C. 2872). A solidary obligation is not presumed (C.C. 2093). A joint obligation results when several persons contract to do the same thing (C.C. 2080).
Therefore, the judgment rendered by the district court is amended in part and reversed in part, and there is now judgment in favor of plaintiff, Campbell Construction Company, Inc., and against the defendant, C. E. Williams Construction Company, Inc., in the full sum of $28,-634.69, with legal interest thereon from judicial demand until paid; there is further judgment in favor of the plaintiff, Campbell Construction Company, Inc., and against the defendant, Barnhill Bros., Inc., in the full sum of $28,634.69, with legal interest thereon from judicial demand until paid. That portion of the judgment of the trial court rejecting the reconventional demands of Barnhill Bros., Inc. against Campbell Construction Company, Inc. is affirmed. The defendants, C. E. Williams Construction Company, Inc. and Barnhill Bros., Inc., are cast for all costs, in solido.
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.